# EXHIBIT 1



500 PLAZA TOWER

110 N. COLLEGE

TYLER, TEXAS

75702

DIRECT TELEPHONE
903.525.2239

DIRECT FACSIMILE
903.531.3939

MAIN TELEPHONE
903.597.8311

MAIN FACSIMILE
903.593.0846

WWW.POTTERMINTON.COM

ATTORNEYS AT LAW

MICHAEL E. JONES
BOARD CERTIFIED – CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

January 21, 2020

**VIA HAND DELIVERY**

Fortress Investment Group LLC
1345 Avenue of the Americas, 46th
Floor
New York, NY 10105

Re:   ___*Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-491, -492, -493, -496, -497, -499, -501,
      -502, -503, -504, -548, -550, -551, -552, -553-JRG (E.D. Tex.)___

Dear Fortress Investment Group LLC:

      I write on behalf of Google LLC regarding the above-referenced cases.   Google understands that you have discoverable information relevant to this litigation.   Accordingly, enclosed is a subpoena requesting the production of documents under Rule 45 of the Federal Rules of Civil Procedure.  With the service of this subpoena, Google withdraws the subpoenas served on you in Delaware in this litigation.

      Please be advised we will also be serving a subpoena seeking deposition testimony under Rule 30(b)(6).  Please contact me to discuss the timing of this deposition and production of documents, with the goal of minimizing inconvenience to all parties.

      Regards,

      */s/ Michael E. Jones*

      Michael E. Jones

cc:      Counsel of record

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| Uniloc 2017 LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, -552, -553 |
| Google LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Fortress Investment Group LLC, 1345 Avenue of the Americas, 46th Floor, New York, NY 10105

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Attn Jonathan Tse<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor, New York, NY 10010 | Date and Time:<br><br>02/06/2020 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/21/2020

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ Michael E. Jones |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Google LLC
_____ , who issues or requests this subpoena, are:

Michael E. Jones, 110 North College, 500 Plaza Tower, Tyler, TX 75702, mikejones@potterminton.com, 903-525-2289

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, -552, -553

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "Fortress Investment," "You," and "Your" means Fortress Investment Group LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all of Fortress Investment Group LLC's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with Fortress Investment Group LLC, and all predecessors and successors in interest to such entities.

2.      "Asserted Patents" means United States Patent Nos. 6,253,201; 6,329,934; 6,349,154; 6,366,908; 6,452,515; 6,473,114; 6,628,712; 6,836,654; 6,952,450; 7,012,960; 8,194,632; 8,407,609; 8,949,954; 9,141,489; and 9,564,952. "Asserted Patent" means any one of the Asserted Patents.

3.      "Related Patents" means (1) any United States or foreign patent or patent application related to any Asserted Patent by way of subject matter or claimed priority date, (2) all parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisionals, reissue, reexamination, and foreign counterpart patents and applications of thereof, and/or (3) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein. "Related Patent" means one of the Related Patents.

4.      "Named Inventor" means any person or persons named as an inventor on the face of any Asserted Patent or Related Patent.

5.      "Plaintiff" or "Uniloc 2017" means Uniloc 2017 LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons

1

acting on behalf of any of the foregoing, and Plaintiffs affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff, and all predecessors and successors in interest to such entities.

6.      "Uniloc Lux" means Uniloc Luxembourg S.A. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Uniloc Luxembourg S.A.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uniloc Luxembourg S.A., and all predecessors and successors in interest to such entities.

7.      "Fortress Credit" means Fortress Credit Co. LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Fortress Credit Co. LLC's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Fortress Credit Co. LLC and all predecessors and successors in interest to such entities.

8.      "Uniloc USA" means Uniloc USA, Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Uniloc USA, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uniloc USA, Inc. and all predecessors and successors in interest to such entities.

9. "Uniloc Entities" means Uniloc 2017 LLC ("Uniloc 2017"), Uniloc USA, Inc. ("Uniloc USA"), Uniloc Luxembourg S.A. ("Uniloc Lux"), Uniloc Corporation PTY Limited, and CF Uniloc Holdings LLC ("CF Uniloc"), Uniloc Management LLC, and Uniloc Licensing USA LLC, including affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by such entities and all predecessors and successors in interest to such entities. "Uniloc Entity" means any one of the Uniloc entities.

10. "Fortress Entities" includes Fortress Credit Co. LLC, Fortress Investment Group LLC, Fortress Credit Corp., CF DB EZ 2017 LLC, and CF DB EZ LLC, including affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by such entities and all predecessors and successors in interest to such entities. "Fortress Entity" means any one of the Fortress Entities.

11. "Google" or "Defendant" means Google LLC.

12. "Uniloc 2017–Google litigations" means *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-491 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-492 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-493 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-496 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-497 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-499 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-501 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-502 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-503 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-504 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-548 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-550 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-551 (E.D.

Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-552 (E.D. Tex.); *Uniloc 2017 v. Google LLC.*, No. 2:18:-cv-553 (E.D. Tex.).

13.     "Document" includes, without limitation, all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

14.     "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

15.     "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

16.     "Regarding," "Concerning," and "Relating to" mean relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

17.     "Include" and "Including" shall mean including without limitation.

18.     Use of the singular also includes the plural and vice-versa.

19.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Interrogatories.

20.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Document Requests herein:

1.     This subpoena seeks documents or things in existence as of the date of service hereof and to the full extent permitted by the Federal Rules of Civil Procedure.

2.     This subpoena shall apply to all documents or things in your possession, custody or control as of the date of service hereof or coming into your possession, custody, or control before the date of the production.

3.     If any portion of a document or thing is responsive to a request, the entire document or thing shall be produced, redacting only privileged material if any.

5

4.     You are to produce the original and each non-identical copy of each document or things requested herein that is in your possession, custody or control.

5.     Documents produced pursuant to these requests shall be produced in the original files and shall not be shuffled or otherwise rearranged.  Documents which were stapled, clipped, or otherwise fastened together shall be produced in that form.

6.     Things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

7.     In the event that any documents or things called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document or thing is to be identified by stating:

      (a)     the author(s), addressee(s) and any indicated or blind copyee(s);

      (b)     the document's or thing's date, number of pages and attachments or appendices;

      (c)     the subject matter(s) of the document or thing;

      (d)     the nature of the privilege or immunity asserted; and

      (e)     any additional facts upon which you would base your claim of privilege or immunity.

8.     If any of the documents or things are considered "confidential," such documents or things should be produced subject to the terms of the protective orders entered in these cases.  A copy of the protective order in Case No. 2:18-cv-553, which is representative, as relevant here, of the protective orders entered in all of the Uniloc 2017–Google litigations, is attached as Exhibit 1.

9.     If no documents or things are responsive to a particular request, you are to state that no responsive documents or things exist.

<u>**DOCUMENTS TO BE PRODUCED**</u>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning any agreement between Fortress Investment and any Uniloc Entity or any Fortress Entity Concerning (1) the Uniloc 2017–Google litigations, (2) the prosecution of patent applications, and (3) Uniloc 2017's ongoing operations or business strategies.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning any agreement between any Fortress Entity and any Uniloc Entity concerning (1) a Uniloc Entity's ongoing operations and business strategies or (2) the prosecution of patent applications.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning any agreement between any Uniloc Entity and any Fortress Entity concerning (1) the Uniloc 2017–Google litigations, and (2) any Asserted Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show all relationships between Fortress Investment and each of the following entities: Uniloc 2017, Uniloc Lux, Fortress Credit Corp., Fortress Credit Co. LLC, CF Uniloc, Uniloc USA, Uniloc Management LLC, CF DB EZ 2017, CF DB EZ LLC, and NetAuthority, Inc.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify each Person having an ownership interest in Fortress Investment or any other non-public parent companies, direct or indirect, of Fortress Investment, as well as the amount or percentage of each Person's interest from 2013 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications between You and any other person Concerning the valuation of any Uniloc Entity's corporate assets, patents, or patent portfolios owned or controlled by a Uniloc Entity, or to which a Uniloc Entity has any rights, Including the Asserted Patents or Related Patents from 2013 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Concerning any of the alleged inventions claimed in the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications between You and any other party, Including any Uniloc Entity or Fortress Entity, Regarding the Uniloc 2017–Google litigations, any litigation involving any Asserted Patent or Related Patent, or any potential patent litigation against Google.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications Concerning any negotiations regarding the sale, transfer, assignment, or licensing of any rights to the Asserted Patents, Related Patents, or any patent portfolio owned or controlled by any Uniloc Entity.

**REQUEST FOR PRODUCTION NO. 10:**

All agreements and Documents Concerning such agreements that convey any right to any Asserted Patent or Related Patent, Including to the ownership, assignment, or conveyance of any interest in any Asserted Patent or Related Patent, or in any litigation or enforcement involving such patents.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning any inspection, testing, evaluation, or analysis conducted by any Person of any product or service of Google for any purpose by or on behalf of any Uniloc Entity from 2013 to the present, Including all Documents showing how any product or service of Google compares to one or more claims of the Asserted Patents or any Related Patents.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications Concerning the licensing of or any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Asserted Patents or any Related Patents.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning any Uniloc Entity's procedures or policies regarding filing and/or settling patenting infringement claims from 2013 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

All documents Concerning any patentability or state of the art search, literature search, validity search, patentability or state of the art analysis, validity analysis, enforceability analysis, unenforceability analysis, invalidity analysis, or infringement analysis, conducted by Fortress Investment, or by any person on Fortress Investment's behalf, related to the Asserted Patents or any Related Patents.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, Including declarations or deposition transcripts, Concerning any of (1) any Uniloc Entity's ongoing operations and business strategies, (2) the Uniloc 2017–Google litigations, and (3) any Asserted Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning the prosecution or licensing of patents by or on behalf of any Uniloc or Fortress Entity, Including the Asserted Patents, Related Patents, and policies and procedures.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications Concerning the formation and incorporation of Uniloc 2017 and Fortress Investment.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents that support or refute any contention that any of the Accused Products literally infringe any claim of the Asserted Patents or Related Patents or infringe any claim of the Asserted Patents or Related Patents under the doctrine of equivalents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Regarding any efforts to license, sell, monetize, or otherwise generate revenue from the Asserted Patents or Related Patents, Including presentations, mailings, meeting minutes, license negotiations, sales negotiations, claim charts, infringement analyses, validity analyses, notice letters, cease-and-desist letters, offers, draft license agreements, and term sheets.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Regarding the value to consumers of any features, functionalities, or other technical components allegedly covered by the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Regarding the decision to assert the Asserted Patents or Related Patents in any litigation, Including all correspondence involving Your or Plaintiff's shareholders, directors, or officers Regarding the decision to file any litigation involving the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show the ownership, assignment, or conveyance of any interest in the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify each Person having a financial or pecuniary interest in the outcome of Uniloc 2017–Google litigations, as well as the type, nature, percentage, and amount of each Person's interest.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to discussions with and among Your or Plaintiff's board members, Including minutes of the Board of Directors, Regarding the Asserted Patents, Related Patents, or the Uniloc 2017–Google litigations.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents reflecting statements between You and any other Person Concerning the patentability, validity, enforceability, scope, interpretation, or valuation of the Asserted Patents or Related Patents.

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2-18-cv-553 [JRG] |
| | § | |
| GOOGLE LLC, | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Uniloc 2017 LLC and Defendant Google LLC. (hereafter referred to as "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed

clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," individually and collectively.

{A07/07713/0077/W1612123.1 }

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time.    Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)  outside counsel of record in this Action[2] for the Parties;

---

[2]  This Action means Case No. 2:18-cv-553-JRG

{A07/07713/0077/W1612123.1 }

3

(b) outside counsel's immediate paralegals and staff working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to one in-house counsel for the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d) [intentionally left blank]

(e) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[4]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order[5];

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

{A07/07713/0077/W1612123.1 }

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Materials as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Materials, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this

Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (*i.e.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and/or live data (that is, data as it exists residing in a database or databases) and/or live data (that is, data as it exists residing in a database or databases), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Source Code Material").

9.   For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10.  For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a)  Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN", an intranet or the Internet) and a display screen or monitor of a size of at least seventeen inches in a secured locked room.  The stand-alone computer(s) may only be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (i and l) below. The stand-alone computers shall, at the receiving party's request, include reasonable analysis tools for the type of Source Code Material. The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use so that the producing Party may install

such tools on the stand-alone computers. Additionally, except as provided in paragraph 10(l) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way.

(b) The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. The Parties agree to cooperate in good faith regarding accommodating review of a Party's HIGHLY CONFIDENTIAL SOURCE CODE;

(c) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5 (e) above. A Receiving Party may if necessary include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that any such documents are appropriately marked as containing Source Code Material under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

---

[6] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

(f) To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(g) Except as set forth in paragraph 10(l) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders

(i) The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party ("Source Code Printouts"), but no more than 50 consecutive pages, and no more than an aggregate total of 750 pages and only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) and only to the extent necessary for use in this action. To the extent Receiving Party requires an aggregate total of more than 750 pages of source code, the Receiving Party shall make such request, and the Parties shall meet and confer in an effort to reach an agreement to produce an agreed number of additional pages. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages requested by the Receiving Party;

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(k) If the Receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition), provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(l) A Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE may only be transported by the Receiving Party by a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or depositions as set forth in paragraph 10(h) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(m)The Receiving party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion).

(n) A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the Receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the Producing Party. The Receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall

include the names and titles for every individual from the Receiving Party who will attend the inspection. The Producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(o) The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a Producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code; and

(p) All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.     Any attorney representing Plaintiffs, whether in-house or outside counsel, and any

person associated with Plaintiffs and permitted to receive the other Party's Protected

Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical

information relevant to the case, but excluding financial data or non-technical business

information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), who

obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY

SENSITIVE TECHNICAL MATERIAL, under this Order, shall not prepare,

prosecute, supervise, or assist in the preparation or prosecution of any patent

application pertaining to the field of invention of the patents-in-suit on behalf of the

Receiving Party or its acquirer, successor, predecessor, or other affiliate during the

pendency of this Action and for one year after its conclusion, including any appeals, or

two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL

MATERIAL, whichever is earlier. These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings. To ensure compliance with the purpose of this provision, Plaintiffs shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE TECHNICAL MATERIAL, and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the accused functionality.

12.    [OMITTED]

13.    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated HIGHLY CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be

amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations or by leave of court after good cause has been shown.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or

entities.

16.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[7]   Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.   Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the Designating Party that the courtroom be sealed, if allowed by the Court, during the

---

[7]  In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.   In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

17.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE".

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.  The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED

MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Subject to any challenges under Section 20, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

20.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.  Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.  To the extent that any discovery is taken of persons who are not Parties to this Action

{A07/07713/0077/W1612123.1 }

("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties and any Party shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.  Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party.  Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24.    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25.  Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the

producing Party's request.

26.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**So ORDERED and SIGNED this 24th day of July, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC et al. | § | CIVIL ACTION NO. 2-18-cv-553 |
|      Plaintiffs, | § | |
|   v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | § | |
|      Defendant. | § | |
| | § | |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared

relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____