UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOOGLE LLC,

      Petitioner,

    -v.-

FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC, and CF
UNILOC HOLDINGS LLC,

      Respondents.

---

20 Misc. 132 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

  This miscellaneous action was initiated on March 4, 2020, by Petitioner Google LLC ("Google")'s filing of a motion to compel Fortress Investment Group LLC, Fortress Credit Co. LLC, and CF Uniloc Holdings LLC (collectively, "Respondents"), to comply with certain document requests in subpoenas issued to Respondents on January 22, 2020. (Dkt. #1). The subpoenas were issued, on January 22, 2020, in connection with several related matters in the Eastern District of Texas, including *Uniloc 2017 LLC* v. *Google LLC*, Nos. 2:18 Civ. 491-93, 496-97, 499, and 501-04 (JRG) (RSP) (E.D. Tex.). (Dkt. #5). In those cases, and in others that are currently stayed, Uniloc 2017 LLC has sued Google for alleged patent infringement. (*See id.*). Respondents are non-parties to those actions but are alleged, by Google, to possess information relevant to the parties' claims and defenses, including information relevant to infringement, validity, and value of the asserted patents; damages; standing; and transfer of venue. (*Id.*).

On March 11, 2020, Respondents filed a motion seeking to have this motion transferred to the Eastern District of Texas. (Dkt. #11). Respondents argue that Judge Gilstrap, who is presiding over the 15 cases between Uniloc 2017 LLC and Google, will be able to resolve the present dispute in a more efficient manner than this Court. (*See id.*). Respondents contend that transfer is proper under Fed. R. Civ. P. 45(f), which provides that: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." (*See id.* at 3). Respondents here not only consent to transfer but are themselves requesting it. (*See id.*).

Also on March 11, 2020, Respondents filed a brief and declaration in opposition to the motion to compel and a cross-motion to quash the subpoenas. (Dkt. #13, 14). On March 13, 2020, Google filed a reply brief in further support of its motion to compel and in opposition to Respondents' cross motion to quash the subpoenas. (Dkt. #16, 17).

On March 16, 2020, Google filed a brief in opposition to Respondents' motion to transfer. (Dkt. #18). Google argues that since the motion to compel is fully briefed before this Court, efficiencies will be lost, not gained, by transferring this action to the Eastern District of Texas. (*See id.*). Google also emphasizes the lengths it has gone to to obtain Respondent's compliance with the subpoenas. (*See id.*).

Given Judge Gilstrap's management of the 15 underlying cases and the fact that that court has already set out a discovery schedule in many of the underlying actions, this Court grants Respondents' motion to transfer this miscellaneous action to the Eastern District of Texas. *See Wultz* v. *Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014) (citing consistency in rulings and another judge's prior involvement in the underlying litigation as reasons for transferring case). "[T]he Court finds that the Eastern District of Texas is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action." *SBA Commc'ns Corp.* v. *Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019); *see also Stanziale* v. *Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007) ("A judge who is fully familiar with the underlying litigation is in a better position to resolve [privilege] issues than a judge in a judge in a different district with no knowledge of the case.").

Accordingly, Respondents motion to transfer is GRANTED. This action is hereby ORDERED transferred to the United States District Court for the Eastern District of Texas, pursuant to Fed. R. Civ. P. 45(f).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.
    SO ORDERED.

Dated:  March 17, 2020
        New York, New York

>                                KATHERINE POLK FAILLA
>                                United States District Judge

3